

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2013

# USA v. Dirk Barfield, Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-1438

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"USA v. Dirk Barfield, Jr." (2013). *2013 Decisions.* Paper 1503.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/1503

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1438
_____

UNITED STATES OF AMERICA

v.

DIRK LANIEL BARFIELD, JR.,
a/k/a Little D

Dirk Laniel Barfield, Jr.,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 09-cr-00093-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2013

Before:  HARDIMAN, SHWARTZ and SCIRICA, *Circuit Judges*.

(Filed: November 18, 2013)
_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Dirk Barfield, Jr., appeals an order of the District Court denying his motion for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B). We will affirm for the reasons explained by the District Court.

I

Simply stated, the Fair Sentencing Act of 2010 (FSA) does not apply to those whose offense conduct, conviction, and sentence predate its enactment. As the District Court rightly noted: "the Supreme Court and Court of Appeals for the Third Circuit have made clear that the Fair Sentencing Act . . . does not apply to defendants such as Barfield who were sentenced before its effective date." App. 11. In support of its decision the District Court cited *Dorsey v. United States*, 132 S. Ct. 2321 (2012), and *United States v. Turlington*, 696 F.3d 425 (3d Cir. 2012). Despite the fact that *Dorsey* involved a defendant who was sentenced after the effective date of the FSA, Barfield argues that he is entitled to relief under that case. But Barfield fails to address our decision in *Turlington*, in which we stated that *Dorsey* "does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA." 696 F.3d at 428. Indeed, *Turlington* reaffirmed our prior holding in *United States v. Reevey*, 631 F.3d 110 (3d Cir. 2010), that the FSA does not provide "that those sentenced before the FSA's effective date are to be re-sentenced." *Id.* at 115; *see Turlington*, 696 F.3d at 428.

II

Like the defendant in *Turlington*, Barfield was both convicted and sentenced prior to the enactment of the Fair Sentencing Act on August 3, 2010.  Accordingly, the FSA is unavailing to Barfield and we will affirm the order of the District Court.